IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BRANDY JOHNSON**                                              PLAINTIFF

v.                            Case No. 3:23-CV-00167-BSM

**TASTY CHICK'N, LLC**                                          DEFENDANT

## ORIGINAL COMPLAINT

COMES NOW Brandy Johnson, by and through her attorney Chris Burks of WH LAW, for her Original Complaint against Tasty Chick'n, LLC, she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

### II. JURISDICTION AND VENUE

3.  The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

This case assigned to District Judge Miller
and to Magistrate Judge Ervin

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

5. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect within the Northern Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

8. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

9. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

### III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Poinsett County, Arkansas.

12. Plaintiff, Brandy Johnson, was employed by Defendant as an hourly-paid employee within the three years relevant to this lawsuit.

13. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

14. Defendant Tasty Chick'n, LLC is a foreign limited liability company, registered and licensed to do business in the State of Arkansas.

15. Defendant Tasty Chick'n, LLC's registered agent for service of process in Arkansas is Registered Agents Inc., who can be served at 701 South Street Suite 100, Mountain Home, AR 72653.

16. Defendant Tasty Chick'n, LLC is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

17. Defendant Tasty Chick'n, LLC is a franchise owner of Kentucky Fried Chicken (KFC) and Taco Bell fast food restaurants, including the KFC/Taco Bell where Plaintiff was employed.

18. During the time period relevant to this case, Plaintiff was employed at Defendant Tasty Chick'n, LLC as an hourly restaurant employee and an hourly paid manager.

19. Defendant Tasty Chick'n, LLC, has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

20. Defendant Tasty Chick'n, LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

### IV.   FACTUAL ALLEGATIONS

21. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly-paid employee.

23. Plaintiff was classified as hourly employees and paid an hourly rate.

24. Plaintiff was hired in November 2022.

25. She was promoted to a manager position in February 2023.

26. Plaintiff regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

27. Plaintiff was classified as hourly employees and paid an hourly rate.

28. Plaintiff recorded her hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

29. During Plaintiff's employment, the store manager altered Plaintiff's time in their electronic time clock system, to clock Plaintiff out prior to the time that Plaintiff actually clocked out and left the store.

30. As a result, Plaintiff was paid for fewer hours than she actually worked.

31. Defendant violated the FLSA and AMWA by altering Plaintiff's time clock records to pay Plaintiff for fewer hours than Plaintiff actually worked, thus resulting in not paying Plaintiff a lawful overtime wage.

32. Plaintiff worked for Defendant at Defendant's KFC/Taco Bell restaurant in Trumann, Arkansas.

33. Defendant knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA and AMWA.

## V.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

34.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

35.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

36.   During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

37.   Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

38.   Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of illegally altering Plaintiff's timeclock records to clock Plaintiff out prior to the time that Plaintiff actually clocked out and left work.

39.   Defendant did so to avoid paying Plaintiff for all the hours she worked.

40.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

41.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

42.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.  SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

43.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

45.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

46.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

47.     Defendant failed to pay Plaintiff all overtime wages owed as required under the AMWA.

48.     Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of illegally altering Plaintiff's timeclock records to clock Plaintiff out prior to the time that Plaintiff actually clocked out and left work.

49.   Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

50.   By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

51.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Brandy Johnson respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)   That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

(B)   A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)   A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(E)   Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(F)   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(G)   Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(H)   An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(I)   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Brandy Johnson, PLAINTIFF**

WH Law
Jonesboro Office
870.888.4357

By:   */s/ Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law
Stewart Whaley (ABN: 2009084)
stewart@wh.law

Mailing Address:
1 Riverfront Place, Suite 745 North Little Rock, AR 72114